Jeanette Antonette Andasola
c/o P.O. Box 3571
Scottsdale, Arizona  85271-3571
602-717-5224
rureadi@cox.net



*in proper persona*

**FILE ON DEMAND**
**FOR THE RECORD**

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **Jeanette Antonette Andasola, an** individual, | **Case No. CV-14-02635-PHX-BSB** |
| **Plaintiff,** | **PLAINTIFF'S RESPONSE TO** **DEFENDANT'S ANSWER** |
| **vs.** | **NOTICE OF ADDITIONAL** **EVIDENCE** |
| **Portfolio Recovery Associates, LLC,** a corporation, | |
| **Defendant(s).** | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER

**COMES NOW,** Plaintiff, Jeanette Antonette Andasola, in *proper persona*, responds to

Defendant's "ANSWER" via Donald Peder Johnsen (Bar No. 011545), ("Mr. Johnsen"), dated

the 29th day of December, 2014 and received by Plaintiff on or about the 31st day of December,

2014.

1. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is clearly deficient in that

    defendant has not entered into the record any plausible evidence supporting why this

Page 1 of 7

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER
Andasola v. Portfolio Recovery Associates, LLC, et al

Court should deny Plaintiff's claims and grant judgment in defendant's favor, with prejudice, without this Court enjoining into what may be deemed an unlawful act.

2. On January 7, 2014, Plaintiff has recently received a NOTICE OF POTENTIAL TAG-ALONG ACTION from another attorney allegedly representing PRA, in another case (apparently a class action suit), indicating defendant is currently the Defendant before the United States Judicial Panel on Multidistrict Litigation ("MDL"), (*see Exhibit "C", attached*), for (alleged) violations of the Telephone Consumer Protection Act ("TCPA").

3. Exhibit "C" clearly indicates evidence for the record that Defendant has a multitude of similar TCPA complaints filed against Defendant(s), from other consumers in other jurisdictions and district courts.

4. Defendant's NOTICE OF POTENTIAL TAG-ALONG ACTION requests the MDL Panel to transfer Plaintiff's case at United States District Court ("USDC") Arizona to USDC Southern District of California.

5. Plaintiff contends in Plaintiff's NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION that such proposed transfer would, in effect, prejudice Plaintiff of her Fair Debt Collection Practice Act ("FDCPA") claim and her TCPA claims. Therefore, it is imperative that this Court proceed with all issues brought forth in Plaintiff's Verified Complaint For Relief.

6. Further, moving the case out of this Court's jurisdiction would create an extreme hardship and expense for Plaintiff since USDC Southern District of California is clearly in another state and Plaintiff is not on the electronic filing system. (*See Exhibit "D", attached*)

Page 2 of 7

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER
Andasola v. Portfolio Recovery Associates, LLC, et al

7. To date, the parties have not participated in any form of a settlement or scheduling conference to discuss possible settlement, remedy or disclosure through discovery.

8. Defendant has disputed the calls made to Plaintiff, however, defendant has not offered into the record any admissible evidence, such as an opposing affidavit, to the contrary.

9. Plaintiff contends that evidence in the record (*see Page 8 of Plaintiff's Verified Complaint For Relief*), clearly supports Plaintiff's claims that Defendant called her cellular phone, however, should this Court deem such evidence insufficient, Plaintiff reserves the right to obtain additional evidence via discovery, or other means, which will further remove and eliminate any doubt that Defendant called Plaintiff on numerous occasions, unequivocally binding TCPA and FDCPA violations to Defendant(s).

10. Plaintiff's right to due process, including discovery, will as intended, provide additional supporting evidence which will clearly contradict several of Defendant's answers and affirmative defenses entered into the record by Mr. Johnsen.

11. Plaintiff's complaint included Plaintiff's deposition and declaration, signed under oath, before a notary public, the contents of the complaint are believed to be true, correct and complete to the best of her knowledge (*See Page 8 of Plaintiff's Verified Complaint for Relief*). In *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) the court stated: "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Page 3 of 7

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER
Andasola v. Portfolio Recovery Associates, LLC, et al

12. Plaintiff contends that any "answer" or "affirmative defense" of Defendant not specifically responded to or addressed in this PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER is deemed to have been responded to by Plaintiff, within the record, including all exhibits.

13. In an effort to conserve this Court's valuable resources, including time, Plaintiff is hopeful the parties will immediately mitigate settlement, however, should the parties not reach an agreement, Plaintiff explicitly reserves the right to fully conduct due process as guaranteed by the Constitution.

14. Defendants' affirmative defenses are not supported by any evidence or citations supporting alleged defense(s).

15. In good faith, Plaintiff attempted to avoid using this Courts' vital resources by exhausting the administrative process prior to filing a complaint against defendant, as evidenced when Plaintiff sent several writings informing the defendant(s) of the violations, however, defendant failed to cooperate or respond, therefore, by tacit admission and acquiescence, defendant agreed to these proceedings and liability. (*see Exhibit "F"*, *NOTICE DATE: October 10, 2014, Page 2 of 2, 10 DAY NOTICE TO RESPOND and NOTICE DATE:       November 4, 2014, NOTICE OF PENDING LAWSUIT, enclosure*)

16. In further response to defendant's "ANSWER" and affirmative defenses, *Exhibit "F"*, the record and defendant's "ANSWER", clearly disclose defendants' failure to address or heed Plaintiff's intentions prior to filing this case, THEREFORE, clearly recording defendant's unclean hands and acts of bad faith throughout.

17. Defendant has evidently failed to realize the TCPA and FDCPA are strict liability statutes.

18. Defendant is not immune or exempt under the TCPA. See *Lynn v. Monarch Recovery Management, Inc.*, No. 13-2358 (4th Cir. 2013) and *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 745 (2012)

19. Granting judgment in favor of Defendant at this time would not only be premature, but also prejudicial against Plaintiff.

20. Should this case reach a trial by jury, Plaintiff will submit additional and substantial evidence acquired through discovery, as well as other investigative means, unquestionably supporting a decision in favor of Plaintiff.

21. Defendant appears to have underestimated Plaintiff in this case. When reviewing Defendant's "ANSWER", this Court is respectfully requested to consider, at minimum, the case of *Roadway Express v. Pipe*, 447 U.S. 752 at 757 (1982)... where the court said: "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

22. In addition to ignoring Plaintiff prior to court, the record now reflects Defendants' desire to seduce this Court's valuable time and resources by deceptive means aimed at enslaving justice.

## NOTICE OF ADDITIONAL EVIDENCE

23. In support of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and further response to Defendant's "ANSWER" at ¶7,

Page 5 of 7

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER
Andasola v. Portfolio Recovery Associates, LLC, et al

Plaintiff introduces into the record *Exhibit "E"(attached)*, whereby Defendant clearly conducts business in Arizona as evidenced by the exhibit.

24. Plaintiff's *Exhibit "E"* also addresses Defendant's "ANSWER" at ¶23, as Defendant very clearly is a "debt collector" by their own admission.

25. Further, *Exhibit "D"* certainly must be considered as evidence that a jury may easily conclude sufficient to support Plaintiffs' allegation Defendant "regularly contacts consumers".

26. Defendant maintained a permit for an automatic telephone dialing system ("ATDS") with the Public Utility Commission of Texas, last known renewal dated May 7, 2013 (*see Exhibit "G"*).

## JUDICIAL NOTICE OF STATUS

27.  Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *proper persona* status, the Court must hold a less stringent standard than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct 594, 596, 30 L.Ed. 2d 652 (1972).  In *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)… "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

28. Plaintiff respectfully requests that in the event this Court determines Plaintiff has failed to state a cause of action, Plaintiff is granted leave to amend the complaint or

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER
Andasola v. Portfolio Recovery Associates, LLC, et al

supporting documents and/or exhibits. See *Platsky v. CIA*, 953 F. 2d 25, 26, 28 (2nd cir. 1991)

## RESERVATION OF RIGHTS

29. Plaintiff expressly reserves all rights to add or remove defendants, modify, amend, or supplement Plaintiff's complaint, exhibits and/or sundry documents.  Plaintiff further expressly reserves all rights to conduct discovery, due process, a lawful trial by jury, and may appeal any decision of this Court at her discretion.  All Rights Reserved.

## CONCLUSION

WHEREFORE, this Court now having a record supporting Plaintiff's causes of action, and Defendant having failed to produce admissible evidence to the contrary, Plaintiff requests that this Court grant judgment in favor of Plaintiff for the Defendants' violations of the FDCPA and the TCPA, and should this Court at its discretion recognize Defendants' actions to be willful and knowing violations of the TCPA, further award Plaintiff damages allowed under the Act, costs and attorneys' fees as well as any other relief incurred as a result of Defendants liability for violations to the extent of the law, or actual damages as they may bear.   In the alternative, Plaintiff respectfully requests this Court to issue an order to include a scheduling conference in accordance with Federal Rules of Civil Procedure, 26(f).

Dated:  January 13, 2014

Respectfully Submitted,

Jeanette Antonette Andasola, Plaintiff
In Proper Persona

Page 7 of 7

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER**
Andasola v. Portfolio Recovery Associates, LLC, et al

# Exhibit "C"

## BEFORE THE UNITED STATES JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

---

**IN RE: PORTFOLIO RECOVERY          MDL No. 2295
ASSOCIATES, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION**

---

### NOTICE OF POTENTIAL TAG-ALONG ACTION

Pursuant to Rule 7.1(a) of the Rules of Procedure of the United States Judicial

Panel on Multidistrict Litigation, Defendant Portfolio Recovery Associates, LLC

("PRA") submits the following notice of potential tag-along action. PRA hereby alerts

the Clerk of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of the

pendency of the following related action to the above-captioned matter:

- *Andasola v. Portfolio Recovery Associates, LLC,* No. 2:14-cv-02635-BSB (D.

  Ariz.).[1] This action was filed against PRA in December 2014 in the District of

  Arizona. The plaintiff in this related action alleges that PRA violated the

  Telephone Consumer Protection Act ("TCPA").

---

[1]   Copies of the Docket Sheet and Complaint filed in this related action are attached hereto as
an Exhibit.

This potential "tag-along action" shares common questions with the actions in the MDL pending in the Southern District of California. All of these actions include a claim under the TCPA which makes it unlawful:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA goes on to define the phrase "automatic telephone dialing system":

> (1) The term "automatic telephone dialing system" means equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

47 U.S.C. § 227(a)(1). Accordingly, this potential "tag-along action" shares common questions of fact, including: whether PRA used an automatic telephone dialing system to call plaintiffs; whether any such calls were made to cellular telephone numbers without prior consent; whether any purported violations of the TCPA were willful or knowing; and whether recovery for the plaintiffs under the TCPA would violate PRA's constitutional rights.

2

PRA respectfully requests that the MDL Panel transfer this potential "tag-along action" to the United States District Court for the Southern District of California for coordinated or consolidated pretrial proceedings with the MDL case pending there.

Dated: December 30, 2014          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By____*s/Christopher W. Madel*_____
        Christopher W. Madel (MN # 230297)

        2800 LaSalle Plaza
        800 LaSalle Avenue
        Minneapolis, MN 55402-2015
        Phone: (612) 349-8500
        Fax: (612) 339-4181
        Email: cwmadel@rkmc.com

        *Attorney for Defendant*
        *Portfolio Recovery Associates, LLC*

3

**IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC,
TELEPHONE CONSUMER PROTECTION ACT
LITIGATION**                                    MDL No. 2295

## SCHEDULE OF POTENTIAL TAG-ALONG ACTIONS

<u>District of Arizona</u>

*Andasola v. Portfolio Recovery Associates, LLC,* No. 2:14-cv-02635-BSB (D. Ariz.)

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

IN RE: PORTFOLIO RECOVERY     MDL No. 2295
ASSOCIATES, LLC, TELEPHONE
CONSUMER PROTECTION ACT
LITIGATION

## CERTIFICATE OF SERVICE

I, Christopher W. Madel, counsel for Defendant Portfolio Recovery Associates,

LLC, hereby certify that service of the foregoing **NOTICE OF POTENTIAL**

**TAG-ALONG ACTION** and this Certificate of Service were filed electronically with

the Clerk of the Panel via the CM/ECF system and sent via e-mail to the following:

| Donald Peder Johnsen | DPJ@gknet.com |
|---|---|
| Hannah Hatch Porter | Hannah.porter@gknet.com |

The foregoing document and this Certificate of Service were also served upon the

party below by causing a copy of the same to be placed in the United States Mail,

postage prepaid, and sent to the last known address as follows:

Jeanette Antonette Andasola
P.O. Box 3571
Scottsdale, AZ 85271
*Pro Se Plaintiff*

Dated: December 30, 2014                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By____*s/Christopher W. Madel*_____
          Christopher W. Madel (MN # 230297)

          2800 LaSalle Plaza
          800 LaSalle Avenue
          Minneapolis, MN 55402-2015
          Phone: (612) 349-8500
          Fax: (612) 339-4181
          Email: cwmadel@rkmc.com

          *Attorney for Defendant Portfolio Recovery*
          *Associates, LLC*

25MAG,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:14−cv−02635−BSB

Andasola v. Portfolio Recovery Associates LLC
Assigned to: Magistrate Judge Bridget S Bade
Demand: $1,000
Related Cases: 2:05−mc−00002−MHM
                2:12−cv−02467−JAT
                2:13−mc−00046−DGC
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 12/05/2014
Jury Demand: Plaintiff
Nature of Suit: 480 Other Statutes:
Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Jeanette Antonette Andasola**
*an individual*

represented by **Jeanette Antonette Andasola**
P.O. Box 3571
Scottsdale, AZ 85271
602−717−5224
PRO SE

V.

**Defendant**

**Portfolio Recovery Associates LLC**
*a corporation*

represented by **Donald Peder Johnsen**
Gallagher &Kennedy PA
2575 E Camelback Rd., Ste. 1100
Phoenix, AZ 85016−9225
602−530−8000
Fax: 602−530−8500
Email: DPJ@gknet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah Hatch Porter**
Gallagher &Kennedy PA
2575 E Camelback Rd., Ste. 1100
Phoenix, AZ 85016−9225
602−530−8000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2014 | 1 | COMPLAINT. Filing fee received: $ 400.00, receipt number PHX153019 filed by Jeanette Antonette Andasola. (13 pages)(GAR) (Entered: 12/05/2014) |
| 12/05/2014 | 2 | Filing fee paid, receipt number PHX153019. This case has been assigned to the Honorable Bridget S. Bade. All future pleadings or documents should bear the correct case number: CV−14−02635−PHX−BSB. Magistrate Election form attached. (Attachments: # 1 magistrate consent)(GAR) (Entered: 12/05/2014) |
| 12/05/2014 | | Summons Issued as to Portfolio Recovery Associates LLC at counter. (GAR). *** IMPORTANT: This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (Entered: 12/05/2014) |
| 12/17/2014 | 3 | Agreement to Magistrate Judge Jurisdiction. Party agrees to Magistrate Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 12/18/2014) |
| 12/23/2014 | 4 | *NOTICE of Appearance by Donald Peder Johnsen on behalf of Portfolio Recovery Associates LLC. (Johnsen, Donald) *Added attorney Hannah Porter for Portfolio Recovery Associates LLC on 12/23/2014 (ALS). (Entered: 12/23/2014) |

| 12/29/2014 | 5 | ANSWER to 1 Complaint by Portfolio Recovery Associates LLC.(Johnsen, Donald) (Entered: 12/29/2014) |
| 12/29/2014 | 6 | Corporate Disclosure Statement by Portfolio Recovery Associates LLC identifying Corporate Parent PRA Group, Inc. for Portfolio Recovery Associates LLC. (Johnsen, Donald) (Entered: 12/29/2014) |

```
┌─────────────────────────────────┐
│ __ FILED      ____ LODGED        │
│ __ RECEIVED   ____ COPY          │
│                                  │
│        DEC 0 5 2014              │
│                                  │
│ CLERK U S DISTRICT COURT        │
│    DISTRICT OF ARIZONA          │
│ BY_____ DEPUTY       │
└─────────────────────────────────┘
```

Jeanette Antonette Andasola
c/o mailing:  P.O. Box 3571
Scottsdale, Arizona  [85271-3571]
602-717-5224
rureadi@cox.net

In Proper Persona

**FILE ON DEMAND
FOR THE RECORD**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Jeanette Antonette Andasola, an
individual,

          **Plaintiff,**

          **vs.**

Portfolio Recovery Associates, LLC,
a corporation,

          **Defendant(s).**

Case No. _____ CV-14-02635-PHX-BSB

**VERIFIED COMPLAINT
FOR RELIEF**

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

### NATURE OF THE ACTION

1. This is a complaint for money damages.

2. Defendant has violated the Telephone Consumer Protection Act ("TCPA").

3. Defendant has *willfully and knowingly* violated the Telephone Consumer Protection Act ("TCPA").

4. Defendant has violated the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

5.     The Plaintiff in this lawsuit is Jeanette Antonette Andasola, a natural person. Plaintiff is a consumer and a Private Citizen Residing in Equity on the land of Maricopa County, of Arizona.

6.     The Defendant in this lawsuit is Portfolio Recovery Associates, LLC ("PRA"), a debt collection company with offices at 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502 and doing business in Arizona.

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

8.     All conditions precedent to the bringing of this action have been performed.

9.     Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

## BACKGROUND

10.     On or about 1-November-2008, Plaintiff registered Plaintiff's phone number on the National Do Not Call Registry. (Exhibit "A")

11.     On or about 1-May-2014, through approximately 31-July-2014, Defendant called the Plaintiff's wireless phone number 602-717-5224 (Exhibit "B"), on a minimum of five (5) occasions, from phone numbers identified as 800-772-1413 and 866-925-7109,

informing the recipient to return a call to phone number 800-772-1413, which are

numbers known to be used by PRA in their debt collection operations.

12. PRA called Plaintiff's wireless phone without Plaintiff's consent, express or otherwise, or for emergency purposes.

13. All calls made by Defendant were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phone.

14. Defendant called at times that were inconvenient for Plaintiff to answer the call due to work and family commitments.

15. Plaintiff has never had any business relationship with Defendant at any time and has never given PRA her express consent to call her wireless phone.

16. Plaintiff has attempted to settle this matter privately, however, Defendant has not responded to Plaintiff's writings dated October 10, 2014 and November 4, 2014 Defendant received October 14, 2014 and November 8, 2014, respectively.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)

17. Plaintiff alleges and incorporates the information in paragraphs 1 through 16.

18. Defendant has violated the TCPA at 47 U.S.C. §227(b)(1) by using an automatic telephone dialing system ("ATDS") that has the capacity to store or produce telephone numbers as described at 47 USC § 227(a)(1) to call the Plaintiff's wireless phone.

19.    Defendant has further exhibited non-compliance with the TCPA by calling the Plaintiff's

phone number, which is assigned to a wireless telephone service contrary to 47 U.S.C.

§227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or
any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with
the prior express consent of the called party) using any automatic telephone
dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone
service, specialized mobile radio service, or other radio common carrier
service, or any service for which the called party is charged for the call;

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a.    Adjudging that PRA violated the TCPA at 47 U.S.C. § 227.

b.    Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227 (b)(3)(B)

of $500 for each call made to the Plaintiff's wireless phone;

c.    Awarding Plaintiff any fees and costs incurred in this action;

d.    Awarding such other and further relief as the Court may deem just and

proper pursuant to the discretion allowed at 47 U.S.C. § 227 (b)(3),

*including treble damages*, or otherwise.

## COUNT II

### DEFENDANT'S WILLFUL OR KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(c)(3) AND 47 U.S.C. §227(c)(5)

20.    Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. Plaintiff's phone number has been registered on the National Do Not Call Registry since 1-November-2008, more than 30 days prior to Defendant's first violation. (See Exhibit "A")

22. Defendant, a debt collector, regularly contacts consumers via mail services and telephone.

23. Defendant, a debt collector, is familiar with consumer protection laws, including the TCPA.

24. Defendant called the Plaintiff's cellular phone on a minimum of five (5) occasions, contrary to 47 U.S.C. § 227(c)(3)(F), clearly establishing willful and knowing violations of the TCPA.

25. Defendant further demonstrated willful or knowing behavior, bypassing or ignoring information readily available to businesses on the National Do Not Call Registry.

26. Defendants actions clearly demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5) by calling the Plaintiff's phone number, more than once during a 12 month period as described in .

27. Plaintiff brings forth this action pursuant to 47 U.S.C. §227(c)(5) which states in part:

> (5) PRIVATE RIGHT OF ACTION.—A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

(and) "…If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

WHEREFORE, Plaintiff prays for relief and judgment as follows:

  e.   Adjudging that PRA violated the TCPA at 47 U.S.C. § 227.

  f.   Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(c)(5) of

       $500 for each and every call following the first call made to the Plaintiff's

       wireless phone as knowing and/or willful violations as described at 47

       U.S.C. §227(c)(5);

  g.   Awarding Plaintiff any fees and costs incurred in this action;

  h.   Awarding such other and further relief as the Court may deem just and

       proper pursuant to the discretion allowed at 47 U.S.C. § (c)(5), *including*

       *treble damages*, or otherwise.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT, 15 U.S.C. § 1692(d)

28.  Defendant caused Plaintiff's phone to ring on numerous occasions, therefore, violating

     the FDCPA at 15 U.S.C. § 1692 (d)(5).

29.  Defendant repeatedly placed telephone calls to Plaintiff without disclosing his/her

     identity, therefore violating the FDCPA at 15 U.S.C. § 1692 d(6).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

  a.   Adjudging that PRA violated the FDCPA.

  b.   Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the

       amount of $1000;

Page 6 of 8
PLAINTIFF'S VERIFIED COMPLAINT FOR RELIEF
Andasola v. Portfolio Recovery Associates, LLC, et al

c.  Awarding Plaintiff any fees and costs incurred in this action;

d.  Awarding such other and further relief as the Court may deem just and

proper

## CONCLUSION

Plaintiff seeks monetary damages for violations of the TCPA in the amount of the

statutory minimums, $4500.00.  However, should the Court at its' discretion determine willful

and knowing behavior of the Defendant regarding TCPA violations, Plaintiff seeks treble

damages.  Plaintiff further seeks minimum statutory damages of $1000 for FDCPA violations.

## RESERVATION OF RIGHTS

Plaintiff reserves all rights for actual damages that have occurred or that discovery may bear as

witness, including but not limited to, Defendant's telephone system records which may reveal

additional unauthorized calls and repeat violations made by Defendant to Plaintiff's phone. All

Rights Reserved.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

Jeanette Antonette Andasola, Plaintiff
In Proper Persona

Page 7 of 8
PLAINTIFF'S VERIFIED COMPLAINT FOR RELIEF
Andasola v. Portfolio Recovery Associates, LLC, et al

## **VERIFICATION**

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, VERIFIED COMPLAINT FOR RELIEF.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I depose and declare that the following facts are true, correct and complete to the best of my knowledge and belief, and that this verification is executed in _Phoenix_, Arizona and is dated this _Fourth_ day of the twelfth month, two thousand and fourteen, in the two hundred thirty-seventh year of the Independence of Republic for the united States of America.

_Jeanette Antonette Andasola_, Plaintiff

Jeanette Antonette Andasola, Plaintiff

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this _Fourth_ day of _Dec_, 2014.

_Elizabeth C. Williams_

Notary

My commission expires: _12/17/2017_          seal

Page 8 of 8
PLAINTIFF'S VERIFIED COMPLAINT FOR RELIEF
Andasola v. Portfolio Recovery Associates, LLC, et al

# Exhibit "A"

Jeanette Andasola

| From: | Jeanette <rureadl@cox.net> |
| Sent: | Thursday, October 09, 2014 4:19 PM |
| To: | Jeanette Andasola |
| Subject: | FW: National Do Not Call Registry - Your Registration Is Confirmed |

From: Verify@DonotCall.gov [mailto:Verify@DonotCall.gov]
Sent: Thursday, October 09, 2014 4:17 PM
To: rureadl@cox.net
Subject: National Do Not Call Registry - Your Registration Is Confirmed

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 5224 on November 01, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

This email is free from viruses and malware because avast! Antivirus protection is active.

1

# Exhibit "B"



# Transaction Details

## Information:

($49.87)

2014-10-14 07:13:13

## Details:

**STRAIGHTTALK*AIRTIME**
**877-430-2355 FLUS**

OK

Donald Peder Johnsen (Bar No. 011545)
dpj@gknet.com
Hannah H. Porter (Bar No. 029842)
hannah.porter@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Attorneys for defendant Portfolio Recovery
Associates, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Antonette Andasola, | No. CV-14-02635-PHX-BSB |
| Plaintiff, | **ANSWER** |
| v. | |
| Portfolio Recovery Associates, LLC, | |
| Defendant. | |

The defendant, by and through its undersigned counsel, and for its answer to the plaintiff's complaint, admits, denies, and alleges as follows:

1. Denies every allegation of the complaint, except as hereinafter expressly admitted.

## NATURE OF THE COMPLAINT

2. Answering paragraph 1 of the complaint, defendant admits that the plaintiff seeks to recover money damages, denies that she is entitled to any recovery, and denies that it is liable to her on any basis.

3. Denies the allegations of paragraph 2 of the complaint.

4. Denies the allegations of paragraph 3 of the complaint.

5. Denies the allegations of paragraph 4 of the complaint.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

**PARTIES**

6.     Answering paragraph 5 of the complaint, defendant admits upon information and belief that plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff is a private citizen who resides in equity on the land of Maricopa County of Arizona, and on that basis denies the allegation.

7.     Answering paragraph 6 of the complaint, defendant admits that it is a limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502.  Except as herein admitted, the remaining allegations of paragraph 6 are denied.

**JURISDICTION AND VENUE**

8.     Answering paragraph 7 of the complaint, defendant admits that plaintiff alleges that jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Answering paragraph 8 of the complaint, defendant avers that no response is required of it.

10.     Answering paragraph 9 of the complaint, defendant admits that plaintiff alleges that venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b), and admits that the complaint alleges that acts occurred in this district.  Except as herein admitted, the remaining allegations of paragraph 9 are denied.

**BACKGROUND**

11.     Answering paragraph 10 of the complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and on that basis denies these allegations.

12.     Answering paragraph 11 of the complaint, defendants states that the allegations in paragraph 11 call for a legal conclusion regarding whether any "calls" occurred and on that basis, defendant denies the allegations contained therein.

13.     Denies the allegations in paragraph 12 of the complaint.

14.     Denies the allegations in paragraph 13 of the complaint.

15.     Denies the allegations in paragraph 14 of the complaint.

16.    Denies the allegations in paragraph 15 of the complaint.

17.    Denies the allegations in paragraph 16 of the complaint.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)(1)

18.    Answering paragraph 17 of the complaint, defendant incorporates its responses to paragraphs 1 through 16, inclusive, as if fully set forth herein.

19.    Denies the allegations of paragraph 18 of the complaint.

20.    Answering paragraph 19 of the complaint, defendant avers that 47 U.S.C. § 227(b)(1)(A)(iii) is self-explanatory, denies any characterization as to the contents of the statute that is inconsistent with the statute itself, and otherwise denies the allegations contained therein.

## COUNT II

## DEFENDANT'S WILLFUL OR KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(c)(3) AND 47 U.S.C. § 227(c)(5)

21.    Answering paragraph 20 of the complaint, defendant incorporates its responses to paragraphs 1 through 19, inclusive, as if fully set forth herein.

22.    Answering paragraph 21 of the complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and on that basis denies these allegations.

23.    Answering paragraph 22 of the complaint, defendant states that the allegations in paragraph 22 call for a legal conclusion regarding whether it is a "debt collector" and whether it "regularly contacts consumers" and on that basis, defendant denies the allegations contained therein.

24.    Answering paragraph 23 of the complaint, defendant states that the allegations in paragraph 23 call for a legal conclusion regarding whether it is a "debt collector" and is vague and ambiguous as to whether it is "familiar with consumer protection laws" and as such, no response is required.

3

25.   Denies the allegations in paragraph 24 of the complaint.

26.   Denies the allegations in paragraph 25 of the complaint.

27.   Denies the allegations in paragraph 26 of the complaint.

28.   Answering paragraph 27 of the complaint, defendant avers that 47 U.S.C. § 227(c)(5) is self-explanatory, denies any characterization as to the contents of the statute that is inconsistent with the statute itself, and otherwise denies the allegations contained therein.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692(d)

29.   Denies the allegations in paragraph 28 of the complaint.

30.   Denies the allegations in paragraph 29 of the complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's complaint is barred in whole or in party by the applicable statutes of limitations and/or the equitable doctrine of laches.

## SECOND DEFENSE

To the extent that any violation of law occurred, which defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by defendant of procedures reasonably adapted to avoid any such error.

## THIRD DEFENSE

The allegations in the complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

Defendant acted in good faith at all times in his dealings with plaintiff, and if any conduct by defendant is found to be unlawful, which defendant expressly denies, such conduct was not willful and should not give rise to liability.

4

**FIFTH DEFENSE**

Plaintiff, although under a legal obligation to do so, failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from defendant.

**SIXTH DEFENSE**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the complaint based upon her own conduct and admissions.

**SEVENTH DEFENSE**

Defendant has, at all material times with respect to plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**EIGHTH DEFENSE**

Without admitting that any damages exist, if damages were suffered by plaintiff as alleged in the complaint, those damages were proximately caused by and contributed to by persons other than defendant.  The liability, if any exists, of defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this defendant should be reduced accordingly.

**NINTH DEFENSE**

The causes of action in the complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which defendants had or has no control.

**TENTH DEFENSE**

To the extent that plaintiff suffered any damage as a result of any alleged act or omission of defendant, which defendant denies, defendant is entitled to equitable indemnity according to comparative fault from other persons and or entities causing or contributing to such damages, if any.

**ELEVENTH DEFENSE**

Plaintiff has not suffered any injury in fact as a result of defendant's alleged conduct and therefore lacks standing to sue.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH DEFENSE

Defendant reserves the right to modify, amend, or supplement its defenses following further proceedings in this matter.

WHEREFORE, having fully answered, the defendant requests that this Court grant judgment in their favor on the plaintiff's complaint, with prejudice and on the merits, that the plaintiff takes nothing by her complaint, that Court award the defendant the costs and attorneys' fees that it incurs in this action to the extent permitted by law, and that this Court grant such other and further relief as it deems just and proper under the circumstances.

DATED this 29th day of December, 2014.

GALLAGHER & KENNEDY, P.A.

By:/s/ Donald Peder Johnsen _____

Attorneys for defendant Portfolio Recovery Associates, LLC

I certify that on this 29th day of December, 2014, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and sent a copy of this document via U.S. Mail to:

Ms. Jeanette Antonette Andasola
PO Box 3571
Scottsdale, Arizona 85271-3571
Plaintiff in propria persona
/s/ Donald Peder Johnsen _____
4580622.2

6

# Exhibit "D"

U.S. Postal Service™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

WASHINGTON DC 20544

| Postage | $ | $5.75 | 0600 |
| Certified Fee | | $3.30 | 14 JAN |
| Return Receipt Fee (Endorsement Required) | | $0.00 | 9 2015 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $9.05 | 01/09/2015 |

Sent To _Thurgood Marshall Fed Judiciary Bldg_
Street, Apt. No.; _One Columbus Circle NE_
or PO Box No. _Room 2B-255 North Lobby_
City, State, ZIP+4 _Washington DC 20544-0005_

PS Form 3800, August 2006                See Reverse for Instructions

**FILE ON DEMAND**
**FOR THE RECORD**

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION.

**MDL No. 2295**

**UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA Case No. CV-14-02635-PHX-BSB**

**NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION**

## NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION

**Plaintiff,** Jeanette Antonette Andasola, hereby enters this NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION in response to Defendant Portfolio Recovery Associates, LLC ("PRA"), NOTICE OF POTENTIAL TAG-ALONG ACTION dated December 30, 2014 and received on or about January 6, 2015, for the following reasons:

///

///

1.      Any transfer in this case to another district would be extremely burdensome
        for Plaintiff and create an extreme hardship as the pro se Plaintiff is not on
        the electronic filing system and the courthouse is too far away from Plaintiff.

2.      In addition to violations of the Telephone Consumer Protection Act,
        ("TCPA"), Plaintiff has further alleged Defendant violated another consumer
        protection law, the Fair Debt Collection Practices Act, ("FDCPA"), which is
        not an issue included in the Multidistrict Litigation case in the Southern
        District of California.

3.      Violations of the TCPA and the FDCPA caused of the Defendant occurred in
        the area where Plaintiff resides and should remain in the jurisdiction where
        Plaintiff filed the Complaint.

4.      Any transfer of this case to any other district than where Plaintiff's case was
        filed, will create an extreme hardship and expense for Plaintiff. In this case,
        transferring this matter to the Southern District of California is clearly out of
        the jurisdiction of where the violations occurred.


## JUDICIAL NOTICE OF PLAINTIFF'S PRO SE STATUS

Plaintiff respectfully demands this Panel recognize Plaintiff's status as a pro se.
Plaintiff further requests that the Panel take notice of the well-pleaded allegations of the pro se
Plaintiff's complaint, which this Panel must accept as true at this juncture of the proceedings,
and which, in light of the Plaintiff's pro se status, the Panel must hold a less stringent standard
than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner*,
404 U.S. 519, 520, 92 S. Ct 594, 596, 30 L.Ed. 2d 652 (1972).

1
2                                **CONCLUSION**
3          For the foregoing reasons, Plaintiff respectfully requests that the MDL Panel denies
4    Defendant's request to transfer and consolidate or coordinate the Related Actions to the
5    Southern District of California.
6
7
8    Date: January 9, 2015
9
10                                          Respectfully Submitted,
11                                          By: _____
12                                          Jeanette Antonette Andasola, Plaintiff in *pro se*
                                            c/o P.O. Box 3571
13                                          Scottsdale, Arizona  85271-3571
                                            602-717-5224
14                                          Email: rureadi@cox.net
15                                          In Proper Persona
16
17
18
19
20
21
22
23
24
25
26
27
28
                                      Page 3 of 3
                    NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION
                      Andasola v. Portfolio Recovery Associates, LLC, et al

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION.** | **MDL No. 2295**<br><br>**UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA Case No. CV-14-02635-PHX-BSB** |

**CERTIFICATE OF SERVICE**

This is to certify that an original and copy of a NOTICE OF OPPOSITION TO POTENTIAL TAG-ALONG ACTION has been sent via United States Postal Service® CERTIFIED MAIL® to the following:

**ORIGINAL and COPY** of the foregoing
Sent via USPS™ CERTIFIED MAIL™ # 7014 1200 0001 0039 7984

Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20544-0005

**AND COPIES sent via email to the following:**

| | |
|---|---|
| Christopher W. Madel | cwmadel@rkmc.com |
| Donald Peder Johnsen (Bar No. 011545) | dpj@gknet.com |
| Hannah H. Porter (Bar No. 029842) | hannah.porter@gknet.com |

Dated this ninth day of the first month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-eighth year of the Independence of the America.

By: _Jeanette Aldrutte Wellasch_

# Exhibit "E"

PRA001-0810-483408931-04598-4598

**JEANETTE ANDASOLA,**

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 6019183269771671 on 05/20/2014. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us.

***CALL TOLL FREE AT 1-800-772-1413***
to discuss payment arrangements!

**Mall all checks and payments to:**
Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541-1223

**Pay us online at:** www.portfoliorecovery.com

**Hours Of Operation (EST)**
8 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat.
2 PM to 9 PM Sun.

**Email:** help@portfoliorecovery.com

**Statement Date:** June 11, 2014
**Seller:** GE CAPITAL RETAIL BANK
**Original Creditor:** GE CAPITAL RETAIL BANK
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC.
**Account Number:** 6019183269771671

| ACCOUNT DETAILS | |
| --- | --- |
| CURRENT BALANCE | $1,362.48 |

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.



Portfolio Recovery Associates, LLC
We're giving debt collectors a good name

7008 1140 0001 8564 6470

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES DEPARTMENT E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com
**DEBIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, Portfolio Recovery Associates, LLC does not charge or accept any fees. Please discuss this option with our staff if you have any questions.
**QUALITY SERVICE SPECIALISTS AVAILABLE** Mon. - Fri. 8 AM to 5 PM (EST)
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.
**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

001

Dept 922      2339700914068
PO Box 4115
Concord, CA 94524

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
CIS

Address Service Requested

#BWNFTZF #PRA2339700914068#

JEANETTE  ANDASOLA
PO BOX 3571
SCOTTSDALE AZ 85271-3571

DJHPIP1      85271



PO Box 3571                         CERTIFIED MAIL 7008 1140 0001 8564 6470
Scottsdale, AZ  85271-3571
July 2, 2014

Portfolio Recovery Associates, LLC
Disputes Department
140 Corporate Boulevard
Norfolk, VA  23502

To Whom it may concern,

Thank you for your recent inquiry.  This is not a refusal to pay, but a notice that your claim is disputed.

This request for validation made pursuant to the Fair Debt Collection Practices Act.  Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.

Sincerely,

JEANETTE ANDASOLA

U.S. Postal Service
CERTIFIED MAIL ... RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Portfolio Recovery Associates LLC
Street, Apt. No.; or PO Box No. Disputes Dept 140 Corp. Blvd.
City, State, ZIP+4 Norfolk, VA 23502

7008 1140 0001 8564 6470

## CREDITOR DISCLOSURE STATEMENT

**Name and Address of Collector (assignee):** _____

_____

**Name and Address of Debtor:** _____

_____

**Account Number(s):** _____

**What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.**

_____

_____

**Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no**

**Has the purported balance of this account been used in any tax deduction claim? Yes / no**

**Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:**

_____

_____

**Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.**

X_____              _____
**Authorized signature for Collector**                    **Date**

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# Exhibit "F"

Jeanette Andasola
PO Box 3571
Scottsdale, Arizona 85271-3571

CERTIFIED MAIL

7008 1140 0001 8564 6463

PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD, SUITE 100
NORFOLK, VA 23502

---

7008 1140 0001 8564 6463

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| Postage | $ | |
|---|---|---|
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To Portfolio Recovery Assoc. LLC
Street, Apt No.; or PO Box No. 120 Corporate Blvd. #100
City, State, ZIP+4 NORFOLK VA 23502

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PORTFOLIO RECOVERY Assoc
LLC
120 CORPORATE Blvd
Suite 100
NORFOLK, VA 23502

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0001 8564 6463  / 6463

PS Form 3811, February 2004        Domestic Return Receipt    102595-02-M-1540

Jeanette A. Andasola
P.O. Box 3571
Scottsdale, Arizona  85271-3571

**NOTICE DATE:  November 4, 2014**

PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD, SUITE 100
NORFOLK, VA  23502

# NOTICE OF PENDING LAWSUIT
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

*Sent via United States Postal Service® CERTIFIED MAIL™ 7008 1140 0001 8564 6463*

RE:  NOTICE OF PENDING LAWSUIT for Violations of the Telephone Consumer Protection Act ("TCPA"), the Federal Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA")

Dear Mr. Steven D. Frederickson, Ms. Judith S. Scott, Mr. Kevin P Stevenson, Portfolio Recovery Associates, LLC ("PRA") representatives, employees, associates, principals, registered and non-registered agents,

I am in receipt of your writing dated October 15, 2014.

*__This is your final notice that I fully intend on filing a complaint__* for your violations of the TCPA, the FDCPA and the FCRA with an appropriate federal or state court as outlined in my prior writing dated October 10, 2014 (*See enclosure*).

As a **final attempt** to minimize court costs, administrative expenses and attorney fees, I urge you to consider the additional costs involved with litigation.

My records indicate your company attempted to contact me via telephone on a minimum of five (5) occasions, therefore your company committed a minimum of five (5) violations of the TCPA (minimum $4500.  My records and evidence indicate your company committed six (6) violations of the FDCPA (minimum $1000 each, litigated separately) and at least one (1) violation of the FCRA (minimum $1000), for a total of $6500 minimum filed jointly or $11,500 filed separately.  Pursuant to 47 U.S.C. § 227 (b)(3) and 47 U.S.C. § 227 (c)(5), TCPA violations are also subject to treble damages at the court's discretion.

I **do** give you or your legal representative my consent to contact me via email at rureadi@cox.net **FOR THE EXCLUSIVE PURPOSE OF ADDRESSING TCPA, FDCPA and FCRA VIOLATIONS AND/OR YOUR REMEDY FOR SAID VIOLATIONS**.  I strongly encourage you to fully respond no later than 10 days following verifiable receipt of this writing (approximately November 14, 2014) with your proposed solution to remedy the violations or propose settlement options.  **In the alternative, please respond in writing to the address in the upper right corner of this document within 10 days of verifiable receipt of this writing.**

Best Regards,

*Jeanette A. Andasola*

(Enclosure)

PRA, LLC Notice of TCPA, FDCPA and FCRA Violations
Page 1 of 1

Jeanette A. Andasola
P.O. Box 3571
Scottsdale, Arizona 85271-3571

### NOTICE DATE: October 10, 2014

PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD, SUITE 100
NORFOLK, VA 23502

*Sent via United States Postal Service® CERTIFIED MAIL™ 7007 2680 0001 7006 4792*

Dear Mr. Steven D. Frederickson, Ms. Judith S. Scott, Mr. Kevin P Stevenson, Portfolio Recovery Associates, LLC ("PRA") representatives, employees, associates, principals, registered and non-registered agents.

I am in receipt of your writing dated 7/8/2014.

### NOTICE OF NON-CONSENT

I do not, nor have I at any time had any form of an established business relationship with any of your representatives or PRA. I do not recall giving you permission to contact me via telephone and request that you provide documented or recorded proof that I, Jeanette A. Andasola, have given you my express consent to contact me at cell phone number 602-717-5224. Please note that my phone number has been registered on the National Do Not Call Registry since November 1, 2008. (*See enclosed*)

### NOTICE TO CEASE AND DESIST

I demand that you discontinue initiating harassing phone calls to telephone number 602-717-5224 immediately.

### NOTICE OF TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS ("TCPA"), (47 U.S.C. § 227)

Since May 2014, I have received at least 5 phone calls to my cellular telephone (602-717-5224) from an unidentified representative or prerecorded voice message. of PRA, from your phone numbers identified as 800-772-1413 and 866-925-7109 informing the recipient to return a call to 800-772-1413.

As of the date of this writing, I hereby give you notice that you have violated the Telephone Consumer Protection Act ("TCPA") as follows:

- 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227 (b)(1)(A)(iii) which states in part " to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or any other radio common carrier service, or any service for which the called party is charged for the call;"
- 47 U.S.C. § 227 (c)(5), A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection by initiating an unsolicited telephone call using an "automated telephone dialing system" to a "cellular telephone service" without my express consent.

### NOTICE OF FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS ("FDCPA") (15 U.S.C. § 1692)

Your writing dated July 8, 2014 did not *validate* the alleged debt, nor did it meet the requirements of the FDCPA. Further, you are hereby noticed of the following (minimum) six (6) violations of the FDCPA (15 U.S.C. § 1692):

- § 1692 d Any conduct the natural consequence of which is to harass, oppress, or abuse any person

PRA, LLC Notice of TCPA, FDCPA and FCRA Violations
Page 1 of 2

- § 1692 d(5) Caused the phone to ring or engaged any person in telephone conversations repeatedly
- § 1692 d(6) Placed telephone calls without disclosing his/her identity
- § 1692 e Any other false, deceptive, or misleading representation or means in connection with the debt collection
- § 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt
- § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication (the date your company representative(s) illegally obtained my confidential report with TransUnion (5/20/2014)).

## NOTICE OF UNAUTHORIZED CREDIT INQUIRY AND
## FAIR CREDIT REPORTING ACT ("FCRA") VIOLATION(S)

While checking my personal credit report, which I acquired from TransUnion, I noticed an inquiry made by your company. I did not authorize anyone employed by your company to make an inquiry and view my credit report. You have violated the FCRA § 1681b(c). You are not legally entitled to make the inquiry. This is a serious breach of my privacy rights. I demand that you mail me a copy of my signed authorization form that gave you the right to view my credit within ten (10) business days so that I can verify its validity. Mail it to the address listed above.

If you cannot provide me with proof that I authorized you to view my credit report then I am demanding that you contact the credit bureaus immediately and have them remove the unauthorized inquiry immediately. I also demand that you remove my personal information from your records. I further demand that you send me a written confirmation that you have complied with my requests.

Your failure to comply with my requests within ten (10) business days will be my evidence used in federal or state court of your willful noncompliance [ 15 U.S.C. § 1681n ] and I will be seeking additional statutory damages, punitive damages and the cost of the action and reasonable attorney fees.

## NOTICE OF INTENT TO SUE

Violations of the TCPA are subject to monetary damages of $500 for the first unauthorized phone call and $1000 for each call thereafter. A court may also use its' discretion to also award treble damages where the violations of the TCPA are determined to have been willful or knowing.

Violations of the FDCPA and the FCRA allow for a private right of action and monetary damages of $1000 for each violation.

## 10 DAY NOTICE TO RESPOND

You have 10 days to respond to this writing either by mail to the address above, or by email address or ... ... .... I do not give you permission to contact me for any other purpose than to discuss your remedy for said violations. Please inform me of your intentions immediately. If I do not hear from you, I assure you that I will follow through with the actions listed above. Your refusal to respond will be taken as a tacit admission that you are in violation of the law and wish these issues to be adjudicated via numerous complaints in Federal or State court.

Best Regards,

Jeanette A. Andasola

(Enclosure)

PRA, LLC Notice of TCPA, FDCPA and FCRA Violations
Page 2 of 2

Jeanette Andasola

From:      Jeanette <rureadi@cox.net>
Sent:      Thursday, October 09, 2014 4:19 PM
To:        Jeanette Andasola
Subject:   FW: National Do Not Call Registry - Your Registration Is Confirmed


From: Verify@DonotCall.gov [mailto:Verify@DonotCall.gov]
Sent: Thursday, October 09, 2014 4:17 PM
To: rureadi@cox.net
Subject: National Do Not Call Registry - Your Registration Is Confirmed

Thank you for registering your phone number with the National Do Not Call Registry. You successfully
registered your phone number ending in 5224 on November 01, 2008. Most telemarketers will be required to
stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the
Registry.

✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿
✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿✿

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be
responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.


This email is free from viruses and malware because **avast! Antivirus** protection is active.

1

# Exhibit "G"

Case 2:14-cv-02635-BSB   Document 8   Filed 01/13/15   Page 53 of 55

ADAD Report Case 0:13-cv-61156-WPD   Document 1-3   Entered on FLSD Docket 05/24/2013   Page 1 of 2 ...tories/...



## Public Utility Commission of Texas

### ADAD Report

## PORTFOLIO RECOVERY ASSOCIATES LLC

### Permit No: 070132

**Type: ADAD**
**Permit Approved Date: 5/7/2007**
**Date Last Renewed: 5/7/2013**

**DBA Names**

| | |
|---|---|
| PRA LOCATION SERVICES LLC | ALATAX |
| ANCHOR | ANCHOR RECEIVABLES MANAGEMENT |
| IGS NEVADA | NEW DBA |
| PRA GOVERNMENT SERVICES LLC | PRA RECEIVABLES MANAGEMENT LLC |
| RDS | REVENUE DISCOVERY SYSTEMS |

**Contact Information**

*Company / Physical  (Mailing Address)*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
OFFICE OF GENERAL COUNSEL
140 CORPORATE BLVD
NORFOLK,VA 23502
**Web:** www.portfoliorecovery.com
**Email:** fware@portfoliorecovery.com
**Phone:** 757-961-3540
**Fax:** 757-321-2518

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
120 CORPORATE BOULEVARD
NORFOLK,VA 23502
**Phone:** 757-519-9300

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
5200 WEST MERCURY BLVD
SUITE 285
HAMPTON,00 23605
**Email:** fware@portfoliorecovery.com
**Phone:** 757-224-3325

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
120 CORPORATE BOULEVARD
NORFOLK,VA 23502
**Email:** carobbins@portfoliorecovery.com
**Phone:** 757-519-9300
**Fax:** 757-321-2518

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND

120 CORPORATE BLVD
NORFOLK,VA 23502
**Phone:** 757-519-9300

120 CORPORATE BOULEVARD
NORFOLK,00 23502
**Email:** fware@portfoliorecovery.com
**Phone:** 757-519-9300

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
5070 W BADURA AVE
LAS VEGAS,NV 89118
**Email:** fware@portfoliorecovery.com
**Phone:** 757-519-9300

*ADAD Physical Address*
PORTFOLIO RECOVERY ASSOCIATES LLC
FRANCI WAYLAND
4829 HIGHWAY 45 NORTH
JACKSON,00 38305
**Email:** fware@portfoliorecovery.com
**Phone:** 757-519-9300

**Reports**

2013
**ADAD Annual Report**
**Submitted:** 2/1/2013
**Approved:** 2/7/2013

2012
**ADAD Annual Report**
**Submitted:** 1/23/2012
**Approved:** 1/26/2012

2011
**ADAD Annual Report**
**Submitted:** 1/11/2011
**Approved:** 2/10/2011

2010
**ADAD Annual Report**
**Submitted:** 1/5/2010
**Approved:** 6/10/2011

2009
**ADAD Annual Report**
**Submitted:** 1/15/2009
**Approved:** 2/10/2009

2008
**ADAD Annual Report**
**Submitted:** 1/16/2008
**Approved:** 1/24/2008

*End Report*

## CERTIFICATE OF SERVICE

This is to certify that an original and copy of a PLAINTIFF'S RESPONSE TO
DEFENDANT'S ANSWER and NOTICE OF ADDITIONAL EVIDENCE has been sent to
the following:

**ORIGINAL** and **COPY** of the foregoing
HAND DELIVERED and filed with the Clerk of the Court:

Brian D. Karth, Clerk of the Court
401 W Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2118

COPY sent via U.S. Postal Service™ First-Class Mail™ to:

Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20544-0005

**COPY sent via electronic mail (email) to each of the following:**

Christopher W. Madel                          cwmadel@rkmc.com

Donald Peder Johnsen (Bar No. 011545)        dpj@gknet.com

Hannah H. Porter (Bar No. 029842)            hannah.porter@gknet.com

Dated this thirteenth day of the first month, in the year two thousand and fifteen, Anno Domini,
in the two-hundred and thirty-eighth year of the Independence of the America.